**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **ROGELIO PINA-MENDOZA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1569-KC** |
| | § | |
| **WARDEN, EL PASO SERVICE** | § | |
| **PROCESSING CENTER et al.,** | § | |
| | § | |
| **Respondents.** | § | |

## <u>ORDER</u>

On this day, the Court considered Rogelio Pina-Mendoza's Petition for a Writ of Habeas Corpus, ECF No. 1.  Pina-Mendoza is held in immigration detention at the El Paso Service Processing Center in El Paso, Texas.  *Id.* at 2.  He argues that his detention is unlawful and asks the Court to order his release or a bond hearing.  *Id.* ¶¶ 34–60; *id.* at 12–13.

Pina-Mendoza last entered the United States in 2005.  Resp. 3, ECF No. 3.  He was encountered by immigration authorities in 2010, after being arrested for battery, and upon release from local custody, was taken into immigration custody.  *Id.* at 3–4.  He was then placed in removal proceedings and released on bond.  *Id.* at 4.  On April 27, 2022, Pina-Mendoza was ordered removed to Mexico by an Immigration Judge ("IJ").  *Id.*  He timely filed an appeal with the Board of Immigration Appeals ("BIA"), which remains pending.  *Id.*  Pina-Mendoza is the beneficiary of an approved Form I-130 immigrant visa petition filed on his behalf by his spouse. Pet. ¶ 15.  He has also filed a Form I-360 self-petition and a Form I-485 for adjustment of status. *Id.* ¶¶ 17–18.  On April 9, 2026, while appearing for a routine check-in with Immigration and Customs Enforcement ("ICE"), Pina-Mendoza was taken into immigration custody and detained. *Id.* ¶ 21; Resp. 4.  In its Show Cause Order, ECF No. 2, the Court noted that, "[a]s alleged, [Pina-

Mendoza's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation.  *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025)."  Show Cause Order 1–2.  The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Pina-Mendoza's case warrant a different outcome."  *Id.* at 2.

Respondents argue that Pina-Mendoza's case must be dismissed following *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026).  Resp. 1.

Pina-Mendoza argues that his detention without an opportunity for a meaningful individualized custody determination is unlawful on statutory grounds, as well as constitutional due process grounds.  Pet. ¶¶ 34–60.  The *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in Pina-Mendoza's position to a bond hearing when they are detained pending removal proceedings.  *Buenrostro-Mendez*, 2026 WL 323330, at *1.  Therefore, Respondents are correct that *Buenrostro-Mendez* requires denial of the Petition in part as to Pina-Mendoza's statutory claim.

However, as this Court has previously stated, the *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation.  *Gomez Hernandez v. ICE Field Off. Dir., El Paso, Tex.*, No. 3:26-cv-67-KC, 2026 WL 503958, at *2 (W.D. Tex. Feb. 23, 2026) (citations omitted).  "Thus, '*Buenrostro-Mendez* has no bearing on this Court's determination of whether [a habeas petitioner] is being detained in violation of her constitutional right to procedural due process.'"  *Id.* at *2 (citations omitted).  Other "[f]ederal district courts in Texas have also made this finding subsequent to the Fifth Circuit issuing its opinion in Buenrostro-Mendez."  *Ochoa v. Vergara*, No. 1:26-cv-266-RP, 2026 WL 482211, at *3 (W.D. Tex. Feb. 20, 2026) (collecting cases).

2

And the Court has already rejected the rest of Respondents' arguments or else need not reach them. *Compare* Resp. 1–27, *with, e.g.*, *Gomez Hernandez*, 2026 WL 503958, at *1–3; *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10–13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo*, 801 F. Supp. 3d at 674–88. Because Respondents have not identified any material differences between Pina-Mendoza's case and this Court's prior decisions, and *Buenrostro-Mendez* has no bearing on Pina-Mendoza's procedural due process claim, it follows that the same result is warranted here. *See generally* Resp.

Thus, after careful consideration of the entire record,[1] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, *Gomez Hernandez*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Pina-Mendoza's Petition is **GRANTED IN PART** on procedural due process grounds.[2]

The Court **ORDERS** that, **on or before June 24, 2026**, Respondents shall either: (1) provide Pina-Mendoza with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Pina-

---

[1] To the extent there are any fact disputes, the Court resolves them in Respondents' favor, *see* Resp. 3–4, and therefore grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

[2] As to Pina-Mendoza's requested relief—immediate release or a bond hearing—*Buenrostro-Mendez* does not change the Court's analysis of the appropriate remedy either. *See, e.g.*, *Bonilla Conforme v. de Anda-Ybarra*, No. 3:26-cv-263-KC, 2026 WL 381110, at *3 (W.D. Tex. Feb. 11, 2026) (citing *Lala Barros*, 2025 WL 3154059, at *5 n.1).

Mendoza's continued detention; or (2) release Pina-Mendoza from custody, under reasonable conditions of supervision.

IT IS FURTHER ORDERED that, **on or before June 24, 2026**, Respondents shall FILE notice informing the Court whether Pina-Mendoza has been released from custody.  If Pina-Mendoza has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph.  Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

IT IS FURTHER ORDERED that if Pina-Mendoza is released from custody, Respondents shall **RETURN** all of his personal property in their custody, without which his liberty interest will be affected, to him upon release.  Such property includes, but is not limited to, identification documents.

**There will be no extensions of the June 24, 2026, deadlines**, unless they fall on a weekend or a holiday, in which case, the deadlines are extended to the following business day.

**Respondents are CAUTIONED that a proceeding in which bond is denied by the IJ for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with this Order, and therefore requires release from custody**.

SO ORDERED.

SIGNED this 17th day of June, 2026.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE